BERGEN COUNTY COURT OF COMMON PLEAS.

WOODROW HUTCHINSON, PETITIONER-APPELLEE, v. STORM PROOF ROOFING CO., RESPONDENT-APPELLANT.

Decided February 10, 1943.

For the petitioner-appellee, *Nathan Rabinowitz* and *Isadore Rabinowitz*.

For the respondent-appellant, *Avidan & Avidan* (by *Alexander Avidan*).

DEL MAR, C. P. J. The above matter having come on for hearing before me from the Workmen's Compensation Bureau, in the presence of Isadore Rabinowitz, attorney for petitioner-appellee, and Alexander Avidan, attorney for respondent-appellant, and the matter having been argued and submitted on briefs of the respective parties, I do hereby find and determine as follows:

From a judgment in favor of the petitioner-appellee and against the respondent-appellant, the latter has appealed to this court; its contention is that the petitioner was an independent contractor and not an employee.

The testimony of the petitioner and his co-worker, Emil Scarmazzo, both support the petitioner's claim. The respondent attempted to meet this evidence with proof that the petitioner was a partner of Scarmazzo and that these two as partners entered into a contract to perform certain labor and supply materials as subcontractor for the respondent. No plans and specifications were offered in evidence and the testimony relating to the alleged contract is, at best, nebulous. The same is also true of the alleged partnership. There is

no. written evidence tending to support either claim. As a matter of fact, after the petitioner was injured, the evidence shows that the respondent prepared a document bearing date earlier than the day on which the work was actually commenced, which document purports to be an offer from Scarmazzo to the respondent to perform certain carpentry work, including apparently the furnishing of the materials therefor, at a price of $400. The petitioner's name is not even mentioned in this document which was evidently prepared for fraudulent purposes.

There is no satisfactory. evidence that the petitioner either alone, or together with Scarmazzo ever contracted with the respondent to do any definite amount of work, or furnish any definite amount of material for the alleged contract price; neither does the evidence of the transactions occurring between the petitioner and the respondent indicate that as the work progressed any recognition was made by the respondent of the existence of either such a partnership, or such a contract.

Checks were made out by the respondent to Scarmazzo, one dated April 26th for $50 and one dated May 3d for $35. The testimony indicates that the payment of $85, represented by these two checks, was approximately, if not exactly, computed at the rate of $1 an hour for the services rendered by the petitioner and Scarmazzo up to the time of the accident. The first of these two checks was cashed by Scarmazzo and one-half the proceeds given to the petitioner. The second of these checks was turned over to and endorsed by the petitioner, who apparently shared the proceeds with Scarmazzo. Later on other checks were given to Scarmazzo and endorsed by him, one of them, dated June 20th, having been made out in the sum of $216.09, which check was not really delivered to Scarmazzo excepting for the purpose of obtaining his endorsement to the order of the American Home Building Products, a company affiliated with and controlled by the same management as that of the respondent, said company having allegedly furnished the materials used on the job in question.

If the relationship between Scarmazzo and the petitioner had been that of a partnership each would have been entitled

to one-half of the net proceeds arising from the contract; whereas, the undisputed proof is that the petitioner made no claim for anything paid on account of the alleged contract after the time he was injured, and neither did Scarmazzo recognize any right on his part to make any such claim, or to turn over or account for any further sums. The fact that all of the checks in question were made out to Scarmazzo and none to Hutchinson is further indication of the fact that the respondent did not consider that the work in question was being done by reason of a contract between it and Hutchinson and Scarmazzo as partners. The alleged contract price does not represent a meeting of the minds of the respective parties. The figures were computed by Gross, an agent of the respondent corporation, and, in my opinion, were simply used as a part of the scheme whereby it was to appear that the petitioner and Scarmazzo were, as a matter of fact, independent contractors, so as to avoid the cost of carrying compensation insurance and to evade the provisions of the Social Security Act and possibly other laws.

I find from the evidence that the actual relationship between the petitioner and the respondent was that of employee and employer, and, therefore, affirm the judgment of the Workmen's Compensation Bureau.

The evidence in this case is somewhat akin to that existing in the case of *Wadge* v. *Crestwood Acres, Inc.*, 20 *N. J. Mis. R.* 186, opinion by Judge McGrath in the Common Pleas Court of Union County, and much of what the learned judge said with reference to the case considered by him is applicable in this case.

It is, therefore, on this 10th day of February, 1943, ordered that the case be remanded to the Workmen's Compensation Bureau for the purpose of fixing the temporary and permanent disability and the allowance of counsel fees for the work done in the Workmen's Compensation Bureau; and

It is further ordered that application for counsel fees and costs in the Common Pleas in connection with this appeal is hereby reserved to the appellee, such application to be made subsequent to the entry of the rule for judgment entered in the Court of Common Pleas from the said Workmen's Compensation Bureau.